Filed 06/27/25

VERMONT SUPERIOR COURT



CIVIL DIVISION

Chittenden Unit

Case No. 21-CV-00323

175 Main Street

Burlington VT 05401

802-863-3467

www.vermontjudiciary.org

---

**Bruce Kelley, et al v. Franklin County Rehab Center, LLC d/b/a Franklin County Rehabilitation Center and d/b/a Franklin County Rehabilitation & Adult Care Center, et al**

---

## ENTRY REGARDING MOTION

Title:         Motion; Motion to Exclude the Expert Opinions of Jacob R. Rachlin M.D.; to Exclude the Expert Opinions of Clifford J. Eskey M.D. (Motion: 12; 13)
Filer:         Kevin Lumpkin; Kevin Lumpkin
Filed Date:   February 28, 2025; February 28, 2025

The motion is GRANTED IN PART and DENIED IN PART.

This is a medical malpractice case involving damage to the Plaintiff Bruce Kelly's spinal cord. Defendant University of Vermont Medical Center (UVMMC) has filed the present motions in limine seeking to exclude portions of Plaintiff's experts' opinions that Dr. Andrew Stanley breached the duty of care for a vascular surgeon when he operated on Plaintiff Kelly for a spinal cord ischemia, when Kelly was, in fact, suffering from a spinal subdural hematoma.

## Background Facts

For purposes of this motion, the facts may be summarized as follows. In 2017, Kelly became hospitalized at UVMMC due to vascular issues in his legs. He began treatment under Dr. Stanley and underwent a complex vascular surgery called a Thoracic Endovascular Aortic Repair. Several days after the surgery, he was discharged to Defendant Franklin County Rehab Center (FCRC) for rehabilitation and further care. To move Kelly into his bed, FCRC used a "Hoyer lift," a portion of which struck Kelly in the back during the procedure. Shortly after his admission at FCRC, Kelly reported altered sensation and motor function in his legs. The next morning FCRC sent Kelly to Northwestern Medical Center for a different issue. Northwestern, upon learning of the leg and sensation issues sent him back to UVMMC.

UVMMC readmitted Kelly at 12:03 p.m. to the same surgical unit that he had been discharged from the day before, and Dr. Stanley resumed charge over Kelly's care. At 2:54 p.m., Dr. Stanley made an initial determination that the symptoms Kelly was describing were most likely caused by spinal cord ischemia, a vascular issue that is a known side effect of the surgery although Dr. Stanley's notes indicate that it was an unusual case as most incidents occur within 8-12 hours after surgery, rather than the 2 weeks Kelly was experiencing. At 5 p.m., UVMMC ordered an MRI.

Entry Regarding Motion

Page 2 of 10

21-CV-00323 Bruce Kelley, et al v. Franklin County Rehab Center, LLC d/b/a Franklin County Rehabilitation Center and d/b/a Franklin County Rehabilitation & Adult Care Center, et al

At 8:28 p.m., UVMMC conducted a neurological examination.  At 8:24 p.m., the results from the MRI came back showing a spinal subdural hematoma.  UVMMC treated it as a surgical emergency.  Surgery began at 11:03 p.m.  Despite the surgery, Kelly has lost the use of his legs and become paraplegic.

After filing the present action, Plaintiff Kelly timely disclosed two expert witnesses, Dr. Jacob Rachlin, a neurosurgeon practicing in Boston with the VA, and Dr. Clifford Eskey, a neuroradiologist at Dartmouth Hitchcock in New Hampshire.  Both experts have offered opinions that UVMMC, through Dr. Stanley, breached the standard of reasonable care by treating Plaintiff Kelly as if his complaints arose from a side-effect of the vascular surgery, rather than the neurological issue that it turned out to be.[1]

UVMMC's primary and limited objection is to the qualifications of both Dr. Rachlin and Dr. Eskey to opine on the standard of care that a vascular surgeon might have in treating a patient returning a day after his discharge with complaints of altered sensation in his legs and issues with motor control.  UVMMC contends that both doctors are offering opinions outside of their area of expertise.

---

[1]Dr. Stanley and Dr. Ranney, the two treating physicians at UVMMC, were dismissed as parties to the present case in January of 2025.  At that time, Plaintiff and UVMMC agreed that while the physicians' actions were still the subject of this matter, they were performed as employees and agents of UVMMC, and that UVMMC would be responsible for any liability arising from their actions and judgments in this case.

Entry Regarding Motion

Page 3 of 10

21-CV-00323 Bruce Kelley, et al v. Franklin County Rehab Center, LLC d/b/a Franklin County Rehabilitation Center and d/b/a Franklin County Rehabilitation & Adult Care Center, et al

*Legal Analysis*

Plaintiff has the burden at trial of showing that Dr. Stanley's actions violate the standard of care, which is defined by statute to mean "the degree of knowledge or skill possessed or the degree of care ordinarily exercised by a reasonably skillful, careful, and prudent health care professional engaged in a similar practice under the same or similar circumstances whether or not within the State of Vermont." 12 V.S.A. § 1908(1). Given the complexity and technical nature of a medical standard of care, the burden created by Section 1908 can be satisfied only by expert testimony, except for the most apparent breaches. *Provost v. Fletcher Allen Health Care, Inc.*, 2005 VT 115, ¶ 12 (mem.) (citing *Larson v. Candlish*, 144 Vt. 499, 502 (1984)). This case is no exception to the rule. Plaintiff's theory of the case requires him to establish that UVMMC's 11-hour delay between admission and surgery was 1) the proximate cause of his injury and 2) a breach of the standard of care. This requires Plaintiff to show that a hospital and its employees exercising the degree of knowledge or skill exercised by a reasonably skillful, careful, and prudent health care professional **engaged in a similar practice** under the **same or similar circumstances** would have acted differently. 12 V.S.A. § 1908(1) (emphasis added). This burden can only be met through the introduction of expert testimony.

Vermont applies the standard for admissibility of expert testimony set forth in *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 592-93 (1993), under which the trial courts "act as gatekeepers who screen expert testimony ensuring that it is reliable and helpful to the issue at hand before the jury hears it." *985 Assocs., Ltd. v. Daewoo Elecs. Am., Inc.*, 2008 VT 14, ¶ 6. The analysis under *Daubert* and *985 Assocs., Ltd.*, by extension, looks to the provisions of V.R.E. 702. Id. Under Rule 702, an expert witness seeking to provide an opinion must have "knowledge, skill, experience, training, or education" in the area on which they will offer a formal opinion or otherwise. V.R.E. 702. As one commentator described this standard:

> Rule 702 contemplates two other kinds of evidence for which the expert must be "qualified" as an expert . . . . The first type of evidence for which the expert must be qualified as an expert is an opinion based upon specialized knowledge. The second type of evidence, reflected in the "or otherwise" language, is that which provides technical information to assist the jury, but is not in the form of an inference or an opinion. For example, the physician may testify about the typical etiology of a particular disease to help the jury understand the causation issue in a case. Such testimony may be given with or without rendering an opinion about whether or not the defendant's action caused the symptoms. Because these two types of expert evidence are based on specialized knowledge, the expert must meet the requirements of Rule 702.

Entry Regarding Motion

Page **5** of 10

21-CV-00323 Bruce Kelley, et al v. Franklin County Rehab Center, LLC d/b/a Franklin County Rehabilitation Center and d/b/a Franklin County Rehabilitation & Adult Care Center, et al

*K.Kreiling, Expert and Opinion Evidence in Vermont: Developments, Profiles, and Emerging Concerns for Reliability of Scientific Evidence*, 17 Vt. L. Rev. 109, 118 (1992).

In this case both Dr. Rachlin and Dr. Eskay are being offered as expert witnesses to testify about both issues. Plaintiff is using them to testify about the standard of care that UVMMC should have offered as well as offering a more general explanation about how spinal subdural hematomas occur, and why such an event led to Plaintiff's injuries. It is only on the first point that UVMMC seeks a ruling to limit the scope and substance of Plaintiff's experts from testifying.

UVMMC's makes two arguments in support of its motion. The first is that neither Dr. Rachlin, nor Dr. Eskey, are vascular surgeons. Dr. Rachlin is a neurosurgeon, and Dr. Eskey is a neuroradiologist. UVMMC contends that this difference in specialization renders his opinion outside his realm of expertise. UVMMC relies upon two cases from the federal district court, *Lexington Ins. Co. v. Rounds*, 349 F. Supp. 2d 861, 870 (D.Vt. 2004) (citing *Plourde v. Gladstone*, 190 F. Supp. 2d 708, 719 (D.Vt. 2002), aff'd, 69 F.Spp'x 485 (2d Cir. 2003)). UVMMC's second argument is that Dr. Rachlin and Dr. Eskay's backgrounds and specialization as neurologists make them unsuitable to testify because they cause "specialization bias," which renders their testimony subjective, rather than the objective standard

Entry Regarding Motion

Page **6** of 10

21-CV-00323 Bruce Kelley, et al v. Franklin County Rehab Center, LLC d/b/a Franklin County Rehabilitation Center and d/b/a Franklin County Rehabilitation & Adult Care Center, et al

required by Section 1908. *Rooney v. Med. Ctr. Hosp. of Vermont, Inc.*, 162 Vt. 513, 520 (1994).

## *Dr. Rachlin's Testimony*

UVMMC's arguments are unavailing in the sense that Dr. Rachlin is testifying about general standards of care that a hospital should have to incoming patients. UVMMC's arguments seek to narrowly frame the question to what a reasonable vascular surgeon would have done if a recently discharged patient returned to his surgical unit complaining about loss of sensation and difficulty with motor movement. Under this framework, UVMMC contends that only a vascular surgeon of similar qualifications can opine about what Dr. Stanley did or should have done. But this is not the question before the Court or the burden that Plaintiff has to meet.

Plaintiff's burden is to show whether UVMMC, the named defendant, violated the standard of care by delaying the MRI and any neurological diagnostics for nearly 11 hours after Plaintiff's readmission, given what information was available to UVMMC at the time. Plaintiff's contention, through Dr. Rachlin's testimony is that the standard of care in such a situation necessarily implicated neurological possibilities as well as vascular possibilities, and that it required UVMMC to give Plaintiff an MRI as soon as he was admitted because this diagnostic tool would have advanced treatment in a timely manner regardless of whether the issue was

Entry Regarding Motion

Page **7** of 10

21-CV-00323 Bruce Kelley, et al v. Franklin County Rehab Center, LLC d/b/a Franklin County Rehabilitation Center and d/b/a Franklin County Rehabilitation & Adult Care Center, et al

neurological or vascular in nature. In this respect, Dr. Rachlin is qualified under V.R.E. 702 to offer his expert opinions as he has been trained and educated and worked in situations with patients after spinal injuries or experiencing complications after surgeries in the spinal area, and he has education, training, and experience as a surgeon who oversees the treatment of such patients. The fact that he is a neurologist who consults with vascular surgeons, rather than a vascular surgeon who consults with neurologists is not disqualifying. See *State v. Pelletier*, 818 A.2d 292, 299–300 (N.H. 2003) (doctor's lack of specialization in a particular field did not disqualify her from offering an expert opinion under Rule 702 based on her general education, training, and experience).

While UVMMC is correct that courts have limited expert witnesses from testify beyond their subject matter competency, the examples in the cases cited address experts that have strayed widely from their area of expertise. In *Lexington Ins. Co.*, the Court found that the portions of an engineer's report that concluded "lay persons would be inclined" to act a certain way was effectively a psychological opinion that he was unqualified to offer. 349 F. Supp.2d at 870. In *Plourde*, a hygienist with a Ph.D in toxicology, the science of poisons, was not qualified to opine whether a toxic chemicals caused a plaintiff's liver damage because the expert was not a medical doctor. 190 F. Supp.2d at 719. In this case, Dr. Rachlin is

Entry Regarding Motion

Page **8** of 10

21-CV-00323 Bruce Kelley, et al v. Franklin County Rehab Center, LLC d/b/a Franklin County Rehabilitation Center and d/b/a Franklin County Rehabilitation & Adult Care Center, et al

a medical doctor and surgeon who oversees patients who have either had surgery near their spine (vascular or neurological) or are having issues in this area. The lack of specialization is not fatal to his testimony, and his opinion lies within his range of expert qualifications.

As to Dr. Rachlin's specialization bias, UVMMC cites to no authority that would prevent an expert from providing his or her opinion because they were overly qualified or trained in a more specialized area. This is not to say that Dr. Rachlin may speculate in his testimony or apply the standard of his specialization to the more general standard of care. While Dr. Rachlin may have a hammer's familiarity with nails, his opinion must still reflect what the general toolbox should provide when it encounters a board with a nail. To that end, UVMMC's motion is **Granted in Part**, and Dr. Rachlin is instructed not to offer testimony speculating what he would have done in the situation or applying his specialization to any opinion he may render at trial about the general standard of care and steps UVMMC did or did not or should have taken with Plaintiff following his readmission.

### Dr. Eskay's Testimony

Dr. Eskay's qualifications to opine and testimony regarding UVMMC's standard of care is a different situation from Dr. Rachlin's. Dr. Eskay is a neuroradiologist and not a surgeon. He does not regularly interact with post-

surgical patients and is not "familiar with the relevant standard of care" governing a vascular surgeon. For these reasons, the Court finds that the portions of Dr. Eskay's testimony concerning what standard of care Dr. Stanley should have followed in treating Plaintiff and how Dr. Stanley may have violated that standard are beyond his area of expertise, training, education, and experience, and the Court **Grants** UVMMC's motion to exclude these portions of Dr. Eskay's testimony at trial.

## ORDER

Based on the foregoing, UVMMC's motions to exclude portions of the testimony of Dr. Rachlin and Dr. Eskay are **Granted in Part and Denied in Part**. Dr. Rachlin's expert opinion testimony regarding Dr. Stanley and UVMMC's compliance with their standard of care under 12 V.S.A. § 1908 is allowed, but any portions where Dr. Rachlin has offered his subjective opinion of what he as a neurologist would have done is struck and will not be admissible at trial. Dr. Eskay's opinion and testimony regarding Dr. Stanley and UVMMC's standard of care is struck and may not be offered at trial. To the extent that Dr. Eskay's testimony addresses other areas for which he is qualified, nothing in this order shall prevent his testimony where he meets the standards of V.R.E. 702.

Electronically signed on 6/27/2025 9:08 AM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge

21-CV-00323 Bruce Kelley, et al v. Franklin County Rehab Center, LLC d/b/a Franklin County Rehabilitation Center and d/b/a Franklin County Rehabilitation & Adult Care Center, et al